# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ADRIAN DE'ARIS DUNNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-01895-LCB-SGC |
| ) | |
| R. GADSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Adrian De'Aris Dunning, filed a *pro se*[1] complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). On October 28, 2021, the magistrate judge entered a report recommending the defendants' motion for summary judgment be granted in part and denied in part. (Doc. 34). Specifically, the report recommended the motion be denied as to Dunning's Eighth Amendment excessive force claim and granted as to Dunning's retaliation and due process claims under the First Amendment and Fourteenth Amendment. (*Id.* at 19–20). On November 12, 2021, the defendants filed objections. (Doc. 35).

As an initial matter, the defendants do not object to the recommendation that summary judgment be granted in their favor as to Dunning's retaliation and due

---

[1] Dunning is now represented by counsel. (Doc. 26; *see* Docs. 27-28).

process claims. (Doc. 35 at 1). Rather, the defendants' first two objections concern the magistrate judge's summary of specific factual allegations in the report and recommendation. (*Id.* at 2–3). The defendants' third objection concerns the magistrate judge's description of Dunning's injuries. (*Id.* at 3). As explained below, the defendants' objections are due to be overruled. The court will address each objection in turn.[2]

### A.   Objection 1

The defendants object to the report's following recitation of facts concerning Dunning's fall from the top tier: "After Dunning fell from the top tier, McLemore and Speaks ran down the stairs and saw Dunning pick up the broom handle." (Doc. 34 at 8; Doc. 35 at 2). The defendants contend Dunning: (1) did not fall but instead jumped after refusing to comply with orders to climb back over the railing; and (2) stated the defendants would have to kill him. (Doc. 35 at 2).

When considering a motion for summary judgment, the court is required to view the facts in a light most favorable to the non-moving party; the facts set forth may or may not be the true facts. *See Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1240 (11th Cir. 2004). Dunning's sworn complaint alleges he climbed over

---

[2] To the extent the defendants object generally to the report and recommendation (Doc. 35 at 1), the objection is **OVERRULED** for failure to comply with the instruction that objections "should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting." (Doc. 34 at 20).

the railing and McLemore hit him on his hand with a baton, causing him to fall. (Doc. 1 at 11–12). This may or may not be true.[3] Whether Dunning jumped on his own accord or fell after McLemore struck his hand demonstrates a genuine dispute of material fact regarding whether McLemore acted maliciously and sadistically to cause Dunning harm. *See Sears v. Roberts*, 922 F.3d 1199, 1209 (11th Cir. 2019) ("We do not know what the true facts are, but we know that a genuine dispute of material fact exists, and it precludes granting summary judgment to the correctional officers on [the plaintiff's] § 1983 . . . claims."). Accordingly, the defendants' objection on this ground is **OVERRULED**.

### B.   Objection 2

The next objection concerns the report's recitation of the defendants' version of events regarding Dunning's actions after he fell from the top tier. (Doc. 35 at 2). Specifically, the report states McLemore and Speaks ran downstairs and saw Dunning pick up the broom handle; despite orders to drop the weapon, Dunning refused and ran toward McLemore. (Doc. 34 at 8). The defendants' objections assert that, in addition to running toward McLemore, Dunning was swinging the sharpened broom handle at officers, attempting to stab them. (Doc. 35 at 3).

---

[3] Indeed, the report notes the defendants' conflicting version of events surrounding Dunning's fall from the second tier. (Doc. 34 at 6 n.9).

In his sworn complaint and declaration, Dunning contends the defendants assaulted him "without just cause or provocation" and denies having a weapon. (Doc. 1 at 11–12; Doc. 27-1 at 4). Again, Dunning's assertions may or may not be true. But the conflicting evidence shows a genuine dispute of material fact. Therefore, the defendants' objection to the report's account of Dunning's actions once he fell from the top tier is **OVERRULED**.

### C. Objection 3

Finally, the defendants object to the report's description of Dunning's injuries, treatment, medical condition, and medical care to the extent it is not supported by medical records, institutional records, and/or other official records. (Doc. 34 at 9–10; Doc. 35 at 3). The defendants do not point to a specific passage or statement in the report's fact section as being incorrect. To the extent the defendants contend Dunning's description of his injuries should be ignored if it is not supported by medical records, an alleged inconsistency of this nature is a credibility determination for the finder of fact. *See Dansby v. White*, No. 7:17-cv-00890-VEH-TMP, 2017 WL 6989166, at *5 (N.D. Ala. Dec. 20, 2017) ("As to the defendant's assertion that the medical records do not bear out the plaintiff's claims regarding the extent of his injuries, that too is a question of credibility, which is not a relevant consideration for summary judgment."), *R&R adopted,* 2018 WL 465976, at *1. Therefore, this objection is **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation. Accordingly, the defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. Specifically, due to genuine issues of material fact, the motion for summary judgment is **DENIED** as to Dunning's Eighth Amendment excessive force claim; that claim is **REFERRED** to the magistrate judge for further proceedings. There being no genuine issues of material fact, the defendants are entitled to judgment as a matter of law regarding Dunning's claims for retaliation and due process violations under the First Amendment and Fourteenth Amendment; the defendants' motion for summary judgment is **GRANTED** as to these claims.

    **DONE** and **ORDERED** December 10, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE